UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BLUE SQUIRREL PROPERTIES, LLC AND HELEN STEPNIEWSKI, Plaintiffs, | : : : : | No. 3:20-CV-00047 (VLB) |
| v. | : : | January 23, 2019 |
| US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR NRZ PASS-THROUGH TRUST IV, ET AL., Defendants. | : : : : : : | |

### ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT

### Background

This case was originally filed by the Plaintiffs Blue Squirrel Properties, LLC and Helen Stepniewski in Connecticut Superior Court and is a case alleging violations of the Connecticut Unfair Trade Practices Act and breach of contract regarding a mortgage. Plaintiffs filed their complaint and summons on December 17, 2019 and filed a return of service the same day. *Blue Squirrel Properties, LLC v. U.S. Bank Nat'l Assoc. as Trustee for* NRZ, No. FBT-CV19-6092595-S, (Conn. Super. Ct. Dec. 17, 2019). The Complaint has not been amended. On January 13, 2020, Defendant Nationstar Mortgage LLC ("Nationstar") removed the case to this Court. [ECF No. 1].

### Analysis

### Federal Court Jurisdiction Generally

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *See Willy v. Coastal Corp.*, 503 U.S.

131, 135 (1992) (affirming remand of removed case when diversity and federal question subject matter jurisdiction was lacking and noting that "federal courts . . . [are] not free to extend or restrict their jurisdiction conferred by a statute . . . [or] the Constitution"); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (vacating court of appeals judgment for want of subject matter jurisdiction and stating that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)). A court presumes it does not have jurisdiction and the party seeking to invoke the court's jurisdiction bears the burden of establishing jurisdiction exists. *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) (reversing lower court judgment when diversity subject matter jurisdiction not proven and noting that "the fair presumption is (not as with regard to a Court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction till the contrary appears."); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936) (reversing case when party asserting diversity jurisdiction did not allege adequate amount in controversy and noting that "[i]t is incumbent upon the [party asserting adequate subject matter jurisdiction] properly to allege the jurisdictional facts, according to the nature of the case."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Courts may not expand

their jurisdiction. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . . .").

Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Defendant invokes this Court's removal jurisdiction asserting diversity jurisdiction.

### The Removal is Untimely

The Court first addresses the untimeliness of Nationstar's removal. 28 U.S.C. 1446(b) requires a case to be removed within 30 days of defendant being served with the Summons and Complaint. In its Notice of Removal, Nationstar states that it, Defendant Milford Law, and Defendant SN Servicing were served on December 11, 2019, and Defendants U.S Bank and Shellpoint were served on December 10, 2019. [ECF No. 1 § IV.]. Nationstar asserts that "[r]emoval of this action is therefore timely under 28 U.S.C. § 1446(b)." *Id.* But as noted, Section 1446(b) requires a case be removed within 30 days of service; here, Nationstar removed the case 33 days after Defendants Milford Law, Nationstar and SN Servicing were served (December 11, 2019 to January 13, 2020 = 33 days), and 34 days after Defendants U.S. Bank and Shellpoint were served (December 10, 2019 to January 13, 2020 = 34 days). Thus, on the record before the Court, Nationstar

3

has not met its burden to show that removal was timely. *McNutt*, 298 U.S. at 182–183. On the contrary, the removal is untimely, requiring the court to remand.

### Defendant Cannot Remove the Case on the Basis of Diversity

The Court would not have removal jurisdiction even if Nationstar removed the case timely. "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Nationstar asserts only diversity as grounds for the Court having Subject Matter Jurisdiction in this case. [ECF No. 1 § II.A. (Diversity Jurisdiction)]. Because Plaintiffs allege in their Complaint that Defendant Milford Law is a citizen of Connecticut, the state in which the Plaintiff brought the action, Nationstar has not met its burden to show that the action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b)(2), which prohibits exactly that. Nationstar states that the case is removable because "Defendants are not citizens of Rhode Island." [ECF No. 1 § II.A.1]. That statement is irrelevant given that this forum is the District of Connecticut and Milford Law is a resident of Connecticut. Because of that, removal is improper and the Court must remand the case.

### There is no Diversity Subject Matter Jurisdiction

Even if no Defendant was a resident of Connecticut, the Court would have to remand the case because the Court has no diversity subject matter jurisdiction. Diversity requires that the parties, i.e. all Plaintiffs as compared to all Defendants,

4

be "citizens of Different States," 28 U.S.C. § 1332(a)(1). Here, Plaintiffs' Complaint states that Plaintiff Helen Stepniewski "liv[es] in the property known as 71 Regents Park, Unit 71, Westport, CT. [ECF No. 1-5 ¶ 1 (Complaint)], and that Defendant Milford Law "has an address of 205 Broad Street, Milford, CT." *Id.* ¶ 6c. It is well-settled that an LLC is a resident of the state where its members reside. 15A Moore's Federal Practice – Civil § 102.57 n.33 (2019) (citing *Handelsman v. Bedford Village Assocs. L.P.*, 213 F.3d 48, 52 (2d Cir. 2000) (LLC citizenship determined by citizenship of members)). Therefore, Plaintiff Blue Squirrel Properties, LLC, whose managing member is Helen Stepniewski, [ECF No. 1-5 ¶ 1], is a resident of Connecticut for subject matter jurisdiction purposes. Because of that, both Plaintiffs are residents of Connecticut and Defendant Milford Law is a resident of Connecticut, destroying diversity.

Nationstar asserts that "[u]pon information and belief, Plaintiff Helen Stepniewski is a resident of the State of New York" and "Plaintiff Blue Squirrel has a principal address of 2711 Centerville Road, Suite 400 Wilmington, DE 19808." [ECF No. 1 §§ II.A.1. a., b.]. Nationstar's bald assertion that "Plaintiff Helen Stepniewski is a resident of the State of New York" without any supporting evidence is insufficient to meet Nationstar's burden to show that Plaintiff Helen Stepniewski is a resident of the State of New York given her statement in her Complaint that she "liv[es]," i.e. resides, in Westport, CT. And, where an LLC has a "principal address" is irrelevant for diversity subject matter jurisdiction purposes. *Handelsman*, 213 F.3d at 52 (LLC citizenship determined by citizenship of members). Because of this, Nationstar has not met its burden to show that all

Plaintiffs are of "different states" than all of the Defendants, and the Court must, therefore, *sua sponte* remand this case to the superior court.

### There is no Federal Question Jurisdiction

Defendant Nationstar does not claim the Court has federal question jurisdiction, which is wise since it is clear from the face of the Complaint that no federal question is here asserted.

Federal question jurisdiction exists when the cause of action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Whether a claim "arises under" federal law is determined by the "well-pleaded complaint" doctrine. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, it is the allegations of a complaint and not a defense that raises a federal question which confers federal question jurisdiction. *See id.* ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Here, the Complaint shows that causes of action are brought under the Connecticut State Unfair Trade Practices Act and State breach of contract. [ECF No. 1-5]. Thus, federal question subject matter jurisdiction does not exist.

### It Appears All Defendants Do Not Consent to Removal

"[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, Nationstar makes no claim that all Defendants have consented to removal, and the fact that

**U.S Bank has not yet appeared, 10 days after removal, strongly suggests that it does not consent. Thus, this case must be remanded on this basis as well.**

**Conclusion**

For all of the above reasons, this Court must remand the case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For this reason, the Court REMANDS this case to state Court.

                                            IT IS SO ORDERED

                                            _____/s/_____

                                            **Hon. Vanessa L. Bryant**
                                            **United States District Judge**

**Dated at Hartford, Connecticut: January 23, 2020**